SCHOOL DISTRICTS NO. 17 AND 24, KEARNEY COUNTY, PLAINTIFFS IN ERROR, V. SCHOOL DISTRICTS NO. 2 AND 18, OF KEARNEY COUNTY, DEFENDANTS IN ERROR.

**Schools:** DIVISION OF DISTRICT: ADJUSTMENT OF INDEBTEDNESS. Under the school law in force in 1878, where a new district was formed in whole or in part from one or more districts possessed of a *school-house or other property*, it was the duty of the county superintendent to ascertain and determine the amount justly due to such new district from the district out of which it may have been in whole or in part formed, and no action can be maintained by the new against the old district to recover for its share of such property without such determination.

ERROR to the district court for Kearney county.   Tried below before GASLIN, J.

*Sam. L. Savidge,* for plaintiffs in error.

*Calkins & Pratt* and *Joel Hull,* for defendants in error.

MAXWELL, J.

In 1872 school district No. 2 of Kearney county was formed so that it comprised a large portion of that county. As thus organized, the district issued its bonds in the sum of $3,000, with which a school-house was erected therein. At the annual school meeting in said district in 1877 a tax of fifteen mills on each dollar valuation was voted for the purpose of paying the debts of said district. In regard to this tax we find the following stipulation in the record: "It is hereby stipulated as a matter of fact, that the proceeds of the fifteen mills tax of 1877 received by the defendant district No. 2 was by said district used in paying bonds and indebtedness incurred before the 14th day of February, 1878, and that after applying the same as aforesaid there still remained fifteen hundred dollars bonded indebtedness incurred in 1873."

In February, 1878, school districts Nos. 17, 18, and 24 were duly organized out of the territory of No. 2, the value of the school-house at that time being about $1,000. The county superintendent made no division of the property belonging to the old district, nor determined what amount it should pay to the new districts, and this action is brought to recover the amounts justly due. The court below found the issues in favor of the defendant and dismissed the action.

In *School District No. 9 v. School District No. 6*, 9 Neb., 331, and 13 Id., 166, where a school district which possessed no property of any kind was divided before the school tax was levied, and afterwards the tax was levied on the property of the new district as well as the old, that tax was collected and paid to the old district without authority of law so far as the amount collected on the property of the new district was concerned, and it was held that the amount thus wrongfully obtained could be recovered back. And we adhere to those decisions. Where,

however, a school district possesses property at the time a new district is formed out of its territory, it is the duty of the county superintendent to "ascertain and determine the amount justly due to such new district from any district or districts out of which it may have been in whole or in part formed," etc. Gen. St., 962.* This language is without limitation or restriction, and applies to all cases where the district has property. The superintendent is made the tribunal to determine the whole matter as justice may require. In this determination he may consider taxes then levied and to be collected from the district as it existed before the change was made, and so apportion the relative amounts, that justice may be done between the districts. He is invested with exclusive authority in the premises and must apportion the amount due to the plaintiffs before they can maintain an action. *Dudley v. Mayhew*, 3 Comstock, 9.

The practice in some of the newly settled portions of the state of including one or more townships of land in a school

---

* SEC. 7. When a new district is formed in whole or in part, from one or more districts possessed of a school-house, or other property, the county superintendent, at the time of forming such new district, or as soon thereafter as may be, shall ascertain and determine the amount justly due to such new district, from any district or districts out of which it may have been, in whole or in part formed, which amount shall be ascertained and determined according to the relative value of the taxable property in the respective parts of such former district or districts at the time of such division.

SEC. 8. The amount of such proportion, when so ascertained and determined, shall be certified by the county superintendent to the county clerk, who shall present the said amount to the county commissioners at the July session next succeeding, whose duty it shall be to assess the same upon the taxable property of the district retaining the school-house or other property of the former district, in the same manner as if the same had been authorized by a vote of such district, and the money so assessed shall be placed to the credit of the taxable property taken from the former district, and shall be in reduction of any tax imposed in the new district on said taxable property for school district purposes.

SEC. 9. When collected, such amount shall be paid over to the treasurer of the new district, to be applied to the use thereof in the same manner, under the direction of its proper officers, as if such sum had been voted and raised by said district for building a school-house or other district purposes.

district, for apparently the sole purpose of taxation, inflicts a great wrong upon those persons in the district so remote from the school-house as to be unable to avail themselves of school privileges. The remedy, however, is with the legislature and not with the courts. Where one or more new districts are formed out of a district possessed of a school-house or other property, the law has invested the county superintendent with ample powers to make a just and equitable division and apportionment of such property or its proceeds between the districts. If he neglects or refuses to make such apportionment, he may, in a proper case, be compelled to act. But until such apportionment is made no action can be maintained by one district against another for such property or its value. If, however, an action could be maintained without such apportionment, still the plaintiffs would not be entitled to recover, as the testimony fails to show that District No. 2 possessed any property in excess of the obligations incurred by it before the division, the property possessed by it being less than its indebtedness. There is no error in the record and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.