SCHOOL DISTRICT NO. 131 OF FREEBORN COUNTY v. SCHOOL DIS-
TRICT NO. 5 OF FREEBORN COUNTY and Others.[1]

April 23, 1909.

Nos. 15,945—(8).

**New School District—Apportionment of Funds.**

When a board of county commissioners creates a new school district
out of territory taken from existing districts, as authorized by section
3674, G. S. 1894, it may make the division of the moneys, funds, and cred-
its to the district affected by the change at a subsequent regular meeting
of the board without a notice and hearing thereon.

Action in the district court for Freeborn county to recover $187.50
upon a division of funds made by the county commissioners after the
organization of plaintiff district out of parts of other districts. The
case was tried before Kingsley, J., who made findings and ordered
judgment in favor of plaintiff in the sum of $184.50. From the judg-
ment entered pursuant to the order, defendant school district No. 5
appealed. Affirmed.

*H. C. Carlson,* for appellant.

*Heman Blackmer* and *Morgan & Meighen,* for respondent.

ELLIOTT, J.

Under proceedings duly instituted the board of county commission-
ers of Freeborn county formed a new school district, known as School
District No. 131, out of territory which had theretofore been included
in school districts 5, 7, 23, and 82. On July 10, 1901, the matter was
duly heard by the board, which on the same day made an order in
writing creating the new district. The board then adjourned without
day, without apportioning the funds of the different districts as requir-
ed by the statute. On March 26, 1902, thereafter, at a regular meeting,
the board of county commissioners made a division of the money,
funds, and credits by a resolution which assigned to School District No.
131 the sum of $184.50 from School District No. 5, and other sums
from the other districts from which territory had been taken. All the

[1] Reported in 120 N. W. 898.

districts but No. 5 acquiesced in the order, and in an action brought by School District No. 131 against District No. 5 the court ordered judgment for the plaintiff, and from that judgment this appeal was taken.

The regularity of the division proceedings is not involved in this appeal, and no question is made as to the certainty and fairness of the division of funds; but the appellant contends that the board of county commissioners lost jurisdiction to make the division of property by reason of the adjournment without date after making the order establishing the new school district, and that it had no jurisdiction to make the division or award of the funds at a regular meeting held thereafter.

The statute (section 3674, G. S. 1894), in so far as applicable, provides: "At the time and place so appointed for such hearing, the commissioners, having publicly read the petition, shall proceed to consider the same, with anything which may be said by interested persons for or against granting the prayer of the petitioners. At the conclusion of such hearing, which may be adjourned from time to time, they shall cause to be entered upon the records of such board their decision, which shall be in the form of an order, etc. * * * Provided, fifth, that whenever the boundaries of any school district are changed, or any school district is divided, said commissioners shall make a division of all moneys, funds and credits * * * to the districts affected by such change, and in making such award the commissioners shall take into consideration the indebtedness, if any, of the district so divided, and shall make such division as they shall deem just and equitable."

The contention is that the interested parties are entitled, not only to be heard upon the question of division, but also on all matters required to be embodied in the order including the matters contained in the proviso; that all these matters must be disposed of at the same hearing; and that if an adjournment is taken without day the board loses jurisdiction.

We think the trial court properly held that, after the order altering the boundaries of the district had been made, the commissioners were bound to make a division of the moneys, funds, and credits of the district. The division of funds is not an essential part of the order alter-

ing the district boundaries, and, being a duty imposed upon the board, it may be performed at any subsequent regular meeting of the board. That the board does not lose jurisdiction to make such distribution would seem to result from the decisions which hold that the board may be required to make the division at some future time, if it neglects or refuses to act at the time when the new district is created. See School District v. School District, 9 Neb. 331, 2 N. W. 712; Id., 13 Neb. 166, 12 N. W. 921; School District v. School District, 17 Neb. 177, 22 N. W. 360.

Judgment affirmed.